UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

ZHEN LEI,

                   Plaintiff,

          -against-

A & C SEAFOOD INTERNATIONAL
GROUP CORP.; MARK CHEN a/k/a QIA
CHEN; AND MEI CHEAH

                   Defendants.

---------------------------------------------------------x

**JURY INSTRUCTIONS**

1:21-cv-03471

ORELIA E. MERCHANT, United States District Judge:

Ladies and Gentlemen of the Jury:

Now that the evidence in this case has been presented and the attorneys for the plaintiff and the defendants have finished their closing arguments, it is my responsibility to instruct you as to the law that governs this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions.

My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case.

Second, I will instruct you as to the legal elements of the plaintiff's claims and the defendants' defenses and counterclaims.

Third, I will instruct you as to some general rules regarding your deliberations.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.



COURT'S EXHIBIT NO. # 1
IDENTIFICATION/EVIDENCE
DKT. # 21 CV 3471
DATE: 7/20/2023

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I will give you now.

## I.    A JURY'S DUTY

To begin with, it is your duty to find the facts from all the evidence in this case. You are the sole judges of the facts, and it is therefore for you and you alone to pass upon the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

It is your job—not mine—to find the facts. I have neither expressed nor attempted to suggest that I have an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as an expression of an opinion about the facts or the merits of this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

My job is to instruct you on the law. You must apply the law to the facts as you find them in accordance with my instructions. While the lawyers may have commented on some of these rules, you must be guided only by what I instruct you about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others; even if you disagree with some of the rules or don't understand the reasons for some of them, you are bound to follow them.

2

## A. The Evidence

I will instruct you now about what counts as evidence, and how you should consider it. The evidence you should consider in deciding what the facts are comes in several forms:

(1)     Sworn testimony of witnesses, both on direct and cross-examination, regardless of who called them;

(2)     Exhibits that have been received into evidence by the Court; and

(3)     Facts as to which both parties have agreed to in a stipulation. A stipulation is an agreement among the parties that a certain fact is true.  You should regard such agreed-upon facts as true.

Certain things are not evidence and must therefore be disregarded by you in deciding what the facts are.  The following are not evidence:

(1)     Arguments or statements by lawyers;

(2)     Questions put to the witnesses;

(3)     Objections to such questions or to offered exhibits;

(4)     Testimony that has been excluded, stricken, or that you have been instructed to disregard;

(5)     Obviously, anything you may have seen or heard outside the courtroom; and

(6)     Anything I have said or done, including any questions I asked a witness or rulings I made on the parties' objections.  You should not draw any inferences from these interactions.  They were conducted for the sole purpose of insuring the orderly and clear presentation of evidence to you, the jury.

**B. Direct and Circumstantial Evidence**

In deciding whether or not plaintiff has met his burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, when a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom has no windows, and you cannot look outside.  Then, later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat.  Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

In this case, the plaintiff has asked you to draw one set of inferences, while the defendants have asked you to draw another set of inferences, based on the same evidence.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.  Please note, however, that it is not a matter of speculation or guesswork: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and you may give them such weight as you conclude is warranted.

4

### C. Available Evidence

Although plaintiff bears the burden of proof on his claims, the law does not require plaintiff to call as witnesses all persons who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

### D. Summaries and Charts

During closing arguments, you may have seen the parties present charts or summaries. The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

### E. Improper Considerations

Your verdict must be based solely upon the evidence developed at trial, or the lack of such evidence. It would be improper for you to allow any feelings you might have about the nature of the claims in this case to influence your decision-making.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not concern yourselves with, or speculate about, the contents of any discussion among me and the

attorneys at sidebar. You should not hold it against any attorney that the attorney objected to the admissibility of evidence or asked for a conference out of your hearing.

To repeat, your verdict must be based exclusively upon the evidence, or lack of evidence, as it has been presented in this case.

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice to any party. You are not to be swayed by sympathy for the parties; whether the verdict will please or displease anyone; be popular or unpopular or, indeed, by any consideration outside the case as it has been presented to you in this courtroom. In addition, it is improper for you to allow any personal feelings you may have about race, religion, national origin, ethnic background, sex, disability, or age to influence your decision. All parties are equal before the law and are entitled to the same fair consideration.

In this case, one of the defendants is a corporation. The fact that this defendant is a corporation, and the plaintiff is an individual, does not mean that the corporation defendant is entitled to any lesser consideration by you. All litigants are equal before the law and corporations, big or small, are entitled to the same fair consideration you would give any other individual party.

I know that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**F. Deciding What to Believe**

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of the credibility of the witnesses and of the weight to be assigned to their testimony. You may choose to disbelieve all or part of any witness's testimony. Any

6

assumption that a witness will speak the truth may be counteracted by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by other evidence or testimony contrary to that witness's testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence that tend to indicate whether a witness's testimony is worthy of belief. Consider each witness's intelligence, motive, state of mind, interest in the prosecution or defense of the case, and his or her demeanor while on the stand.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit their testimony. Two or more persons witnessing an incident may see or hear it differently, and innocent mis-recollection, such as a failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether it results from innocent error, on the one hand, or intentional falsehood, on the other. You may also consider whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If a witness is shown to have knowingly testified falsely concerning any important matter, you have a right to discredit that witness's testimony in other particulars, and you may reject all the testimony of that witness, or you may assign it such weight as you think it deserves.

In determining the weight to be accorded a witness's testimony, you may consider any demonstrated bias, prejudice, or hostility of that witness.

The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

7

### G. Burden of Proof – Preponderance of the Evidence

Each party has the burden of proving each essential element of that party's claim by a preponderance of the evidence, except where I instruct you otherwise. To establish a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means evidence that, when you consider and compare it with the evidence opposed to it, convinces you that what is sought to be proved is, more likely than not, true.

A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses, or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence—the weight and effect it has on your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of which side called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the evidence produced by the party who does not have the burden of proof outweighs the evidence produced by the party who does have the burden, you must find in favor of the party without the burden of proof, and against the party with the burden of proof.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties—that it is as probable that one side is right as it is that the other side is right— then you must decide that issue against the party having the burden of proof. That is because the party that has the burden of proof must prove the elements at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof does not have to prove more than a preponderance. As long as you find that the scales tip, however slightly, in favor of the party

8

with the burden of proof—that what that party claims is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the standard in a criminal trial. That requirement does not apply to a civil case like this one, and you should put it out of your mind.

## H. Impeachment by Prior Inconsistent Statements

You may have heard evidence that, at some earlier time, a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial.

If you find that a witness actually made a prior inconsistent statement, you are not to consider that prior statement as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was offered for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted him or herself. First, you should decide whether there was a prior inconsistent statement. Then, if you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

9

## I. Interested Witnesses

In evaluating the credibility of witnesses, you should take into account any evidence showing that a witness may benefit in some way from the outcome of the case. For example, both plaintiff and defendants have an interest in prevailing at trial. An interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would testify truthfully. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

## J. Official Translation

Mandarin Chinese has been spoken during this trial. You only are to consider evidence provided through the official court translator. Although some of you may know Mandarin, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must ignore any different meaning of the Mandarin words.

## K. Multiple Defendants

Before I discuss these claims in more detail, I want to note that there are three defendants in this case.

You must consider the plaintiff's claims against each defendant separately. Liability is individual. In reaching a verdict you must bear in mind that each defendant is to be considered separately solely on the evidence, or lack of evidence, presented against that defendant without regard to the liability of the other defendants. Similarly, in reaching a verdict you must bear in mind that the plaintiff's claims are to be considered solely on the evidence, or lack of evidence, presented in support of those claims.

## II.   SUBSTANTIVE LAW — PLAINTIFF'S CLAIMS

I will now instruct you as to the law governing the plaintiff's claims. The plaintiff makes claims under the New York Labor Law and the Fair Labor Standards Act. Because the New York Labor Law and Fair Labor Standards Act are very similar in application, I usually do not distinguish between them in my instructions to you. I will only point out differences between the two laws when it is necessary to do so.

Zhen Lei is the plaintiff in this case. He performed work for A & C Seafood International Group Corp. ("A & C Seafood"), a seafood wholesale business located in Queens, New York. Plaintiff first alleges that defendants A & C Seafood, Mark Chen a/k/a Qia Chen, and Mei Cheah are liable for failing to pay him overtime wages at one-and-one-half (1.5) times his regular hourly pay for hours worked in excess of forty in a single week. Second, the plaintiff claims that defendants violated the New York Labor Law and Fair Labor Standards Act in paying him less than the required minimum wage. Third, plaintiff claims that defendants violated the New York Labor Law by failing to pay him spread-of-hours compensation. An employee is entitled to spread-of-hours compensation on days that the employee's workday is longer than ten hours. Spread-of-hours compensation is equal to an extra hour of pay at the minimum wage rate. Third, plaintiff claims that defendants did not provide him with an accurate wage notice as required by the New

11

York Labor Law. Finally, plaintiff claims that defendants did not provide him with accurate wage statements as required by the New York Labor Law. Defendants deny each of these claims, the time period in which Plaintiff claims to have worked, and the hours that Plaintiff claims he worked each day. Defendants also deny that Mei Cheah was Plaintiff's employer.

### 1) Employer Status

The defendants in this case are a corporation and two individuals. In order for you to find that any of those defendants was liable to plaintiff, you must find that the defendant was plaintiff's "employer."

To determine whether a defendant was plaintiff's employer, you will need to examine whether that defendant possessed control over plaintiff as an employee. An employee may have a single employer or may have multiple employers. A person or a company may be an employer even if his or its control over the employee is restricted, indirect, or only occasional. You should consider the totality of the circumstances that constitute the economic reality of the employer-employee relationship. The focus is on the economic reality of the situation rather than technical concepts or job titles.

You may consider several factors in determining whether a defendant was plaintiff's employer based on the defendant's control of the employee. No single factor is controlling, and you must make your decision based on the totality of the circumstances.

Relevant factors include whether a defendant (1) had the power to hire or fire the plaintiff; (2) supervised or controlled the plaintiff's work schedule or conditions of employment; (3) determined the plaintiff's rate and method of payment; and (4) maintained the plaintiff's employment records.

12

The factors I have just listed are not exhaustive. And while satisfaction of the four factors I listed can be sufficient to establish employment status, a positive finding on those four factors is not necessary to establish an employment relationship. You may also consider any other factors that you think are relevant to determining whether a defendant had the power to control the means and manner of plaintiff's employment.

Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate "employer" status. Instead, to be an "employer," an individual defendant must possess control over a company's "operations" in a manner that relates to the plaintiff's employment. Evidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employee.

Plaintiff has the burden to prove by a preponderance of the evidence that each defendant was his employer. If plaintiff cannot prove that a given defendant was his employer, plaintiff cannot recover from that defendant on any claims under the New York Labor Law, and you must return a verdict for that particular defendant on plaintiff's claims.

### 2) Duration of Employment

If you determine that plaintiff was employed by a defendant, you must next determine the dates during which the plaintiff was employed. The plaintiff may rely on the defendants' payroll records to establish his dates of employment. If the defendants failed to keep accurate records, the plaintiff may satisfy his burden by presenting evidence to show his dates of employment as a matter of just and reasonable inference. It is possible for the plaintiff to meet his burden through

13

estimates based on his own recollection. Once the plaintiff satisfies his burden, the defendants may rebut with evidence of the precise dates of employment.

Ultimately, it is up to you to draw a reasonable conclusion as to the period during which the plaintiff was employed by a defendant based on all the credible evidence before you.

### 3) Overtime

Under the Fair Labor Standards Act and the New York Labor Law, an employer is required to pay certain employees at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a fixed and regularly repeating period of 168 hours—seven consecutive 24-hour days.

Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

In order for the defendants to be liable for failing to pay overtime as required by the New York Labor Law, the plaintiff must prove, by a preponderance of the evidence, the following elements:

*First*, the plaintiff must prove that he was employed by the defendant.

*Second*, the plaintiff must prove that the defendants failed to pay him time-and-a-half overtime wages for hours worked in excess of 40 in one or more workweeks.

In order for the defendants to be liable for failing to pay overtime as required by the Fair Labor Standards Act, the plaintiff must prove, by a preponderance of the evidence, the following elements:

*First*, the plaintiff must prove that he was employed by the defendant.

14

*Second*, the plaintiff must prove that the defendants failed to pay him time-and-a-half overtime wages for hours worked in excess of 40 in one or more workweeks.

*Third*, for purposes of liability under the Fair Labor Standards Act <u>*only*</u>, the plaintiff must prove either (1) that he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000; or (2) that, in the course of his work for his employer(s), his work involved or related to the movement of persons or things among the several States or between any State and any place outside thereof. The plaintiff <u>*does not*</u> need to prove this third element to establish liability under the New York Labor Law.

Regarding the first element, if you have found that the plaintiff was not an employee of a defendant, then that defendant in question is not liable for any violations of the minimum wage requirements.

With respect to the third element, the plaintiff must establish by a preponderance of the evidence that during part or all of the time period he was employed by the defendants, the defendants did not pay him the overtime amount that is required by law.

You will need to make findings to determine whether Zhen Lei was owed overtime under the Fair Labor Standards Act and/or the New York Labor Law. To do this, you will need to start with a determination of the hours Zhen Lei worked. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business, generally beginning when the employee begins to engage in his or her principal activity or activities and continuing until the completion of those activities. Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed. Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his own purposes are not "hours worked."

15

There is, however, an exception to this rule for meal periods and for periods longer than thirty minutes if the employee is completely relieved from duty. I will refer to those periods as "non-compensable breaks" because those periods are not compensable work time. Employers are legally required to maintain accurate records of employees' hours worked, including meal breaks.

A non-compensable break must last at least thirty minutes. To qualify as a non-compensable break, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during the period at issue the employee's time and attention are primarily occupied by private or personal pursuits, such as relaxing or eating, then the employee is relieved from duty.

In order to determine the number of hours worked, you must determine if Plaintiff took non-compensable breaks. If a Plaintiff did take non-compensable breaks, then the length of those breaks must be taken into account when determining the number of hours a Plaintiff worked.

The plaintiff may rely on the defendants' payroll records to establish the time he worked and the compensation he was paid. If the defendants failed to keep accurate records, the plaintiff has satisfied his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The plaintiff's burden is not high. It is possible for the plaintiff to meet his burden through estimates based on his own recollection. Once the plaintiff satisfies his burden, the defendants may rebut with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the plaintiff's evidence.

### 4) Minimum Wages

The minimal wage for federal law is $7.25 per hour.

16

The minimum wage for the State of New York is $15.00 per hour.

In order for the plaintiff to establish his claim for the defendants' failure to pay him minimum wage in violation of the New York Labor Law, he must prove the following by a preponderance of the evidence:

1. Plaintiff was an employee of the defendant; and

2. Defendants failed to pay the plaintiff $15 per hour for all hours worked by the plaintiff during one or more workweeks.

In order for the plaintiff to establish his claim for the defendants' failure to pay him minimum wage in violation of the Fair Labor Standards Act, he must prove the following by a preponderance of the evidence:

1. Plaintiff was an employee of the defendant; and

2. Defendants failed to pay the plaintiff $7.25 per hour for all hours worked by the plaintiff during one or more workweeks; and

3. For purposes of liability under the Fair Labor Standards Act *only*, the plaintiff must prove either (1) that he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000; or (2) that, in the course of his work for his employer(s), his work involved or related to the movement of persons or things among the several States or between any State and any place outside thereof. The plaintiff *does not* need to prove this third element to establish liability under the New York Labor Law.

The term "commerce" means any trade, commerce, transportation, transmission or communication between any state and any place outside that state.

A person or enterprise is considered to have been "engaged in the production of goods" if the person or enterprise produced, manufactured, mined, handled, transported, or in any other

17

manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods. If you find that the plaintiff has failed to prove either or both of these propositions by a preponderance of the evidence, then you must find against him on his Fair Labor Standards Act minimum wage claim and in favor of the defendants. If, on the other hand, you find that the plaintiff has proven all three propositions by a preponderance of the evidence, then you must find in his favor and against the defendants.

### 5) Regular Rate of Pay and Overtime Rate

If the employee was employed solely on the basis of an hourly rate, the "regular rate of pay" for such a worker is his hourly rate. If an employee is paid a fixed monthly salary, the total amount of wages received for a workweek is calculated by multiplying the monthly salary by 12, and then dividing that total by 52.

If a worker and employer agreed that a worker was to be paid a fixed salary without regard to the number of hours worked per week, there is a presumption that the fixed salary is intended to compensate the worker for 40 hours of work per week; absent evidence of an express agreement or understanding rebutting this presumption, the "regular rate of pay" is derived by dividing the total amount of wages received in any workweek by 40.

Regular rate of pay cannot be less than minimum wage, which should be the least amount to be used for overtime wages calculations.

Overtime rate is 1.5 times the amount of the regular rate of pay.

### 6) Spread of Hours

The New York Labor Law requires that an employer pay an employee one additional hour of pay at the basic minimum hourly rate on each day during which the spread of hours exceeds ten. The "spread of hours" is the length of the interval between the beginning and end of an

employee's workday, including working time and breaks. For example, if an employee began work at 9:00 a.m., took a one-hour lunch break from 12:00 noon to 1:00 p.m., then finished work at 8:00 p.m., the employee's spread of hours would be 11 hours. The employee would be entitled to an additional hour of pay at the basic New York Labor Law minimum hourly rate.

### 7) Wage Notices

#### a. Elements

Plaintiff claims that defendants violated a provision of the New York Labor Law that requires employers to provide to employees a written notice of their wages.

The New York Labor Law requires employers to provide their employees, within ten business days of the start of employment, with a written notice containing the following accurate information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. The notice must be provided in English and in the language identified by the employee as his primary language.

If you find by a preponderance of the evidence that a defendant did not provide proper notice to the plaintiff, you should state the number of days that the defendant failed to provide this notice to plaintiff.

If you determine that the plaintiff was not provided a proper wage notice, you must next determine whether the plaintiff suffered a distinct injury stemming from not receiving a wage notice. A distinct injury must be concrete and not hypothetical, and vague allegations that the lack

19

of a notice facilitated defendants' other allegedly unlawful conduct are insufficient establish a distinct injury.

If you find that Defendants failed to meet the notice requirements, and that Plaintiff suffered a distinct injury resulting from that failure, you should award damages to the plaintiff of $50 per day, up to a maximum of $5,000 in total, if 100 or more days are found.

### b. Defenses

It is a complete defense to a wage notice claim that the defendants made "complete and timely" payment of all wages due to the employee who was not provided the required wage notice, or that the defendants reasonably believed in good faith that they were not required to provide the employee with such notice. This means that if you find either that (1) the defendants made complete and timely payment of all wages due to the employee who was not provided statements, or (2) that the defendants reasonably believed in good faith that they were not required to provide the employee with such statements—you must find that the defendants are not liable for the wage notice violation under New York Labor Law.

The defendants made "complete and timely" payment of wages if they paid the plaintiff the full amount of the wages that he was due—which includes payment for all compensable hours worked and overtime—and if they paid those wages on time.

The defendants acted in good faith if they sincerely believed that they were not required to provide the wage notice. Put another way, this means that if you find that the defendants actually believed in good faith that they were acting properly, even if they were mistaken in that belief, you must find that the defendants were not liable for the recordkeeping violations.

Case 1:21-cv-03471-OEM-SJB   Document 39   Filed 07/21/23   Page 21 of 26 PageID #: 481

### 8) Wage Statements

#### a. Elements

The plaintiff also claims that the defendants failed to give him wage statements that they were required to provide under New York law.

New York law requires employers to provide employees a written wage statement with every payment of wages that contains certain information. For all employees, the wage statement has to include the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis of those rates, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. Wage statements for employees who are not exempt from overtime compensation must state the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

In order to prevail on this claim, a plaintiff must prove by a preponderance of evidence that the defendants did not give him the required wage statement with at least one wage payment.

If you find by a preponderance of the evidence that a defendant did not provide proper wage statements to the plaintiff, you should state the number of days that the defendant failed to provide these notices to plaintiff, beginning with the day that plaintiff received his first paycheck.

If you determine that the plaintiff was not provided proper wage statements, you must next determine whether the plaintiff suffered a distinct injury stemming from not receiving these wage statements. A distinct injury must be concrete and not hypothetical, and vague allegations that the lack of wage statements facilitated defendants' other allegedly unlawful conduct are insufficient establish a distinct injury.

21

If you find that Defendants failed to meet the wage statement requirements, and that Plaintiff suffered a distinct injury resulting from that failure, you should award damages to the plaintiff of $250 per day, up to a maximum of $5,000 in total, if 20 or more days are found.

### b. Defenses

Just as with plaintiff's wage-notice claims, it is a complete defense to a wage-statement claim that the defendant either (1) made complete and timely payment of all wages due to the employee or (2) reasonably believed in good faith that it was not required to provide the employee with wage statements.

### 9) Good Faith

If you found that any defendants were employers of Zhen Lei and failed to pay him overtime, the minimum wage, or spread-of-hours compensation, then you will then need to determine whether the defendants acted in good faith. I will now instruct you on how to determine if the defendants acted in good faith.

To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law. It is the defendants' burden to establish good faith. It is not enough for the defendants to claim that they did not know that their acts or omissions violated the law. To establish good faith, the defendants must prove that they took active steps to ascertain the dictates of the law, and that they then took action to comply with the law, as they understood it.

### III.   CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by

22

a preponderance of the evidence.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

**Foreperson**

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

23

**Communication with the Court**

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson. No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court

**Juror's Recollection Governs and Requests for Trial Testimony**

Your recollection governs. Nobody else's. If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's or witnesses' testimony, or portions thereof, be sent back to you in the jury room. Again, you may make such a request by a note to the Deputy Marshal. I suggest, however, that you be specific to avoid receiving testimony that you do not want or need. Describe as best and precisely as you can what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

**Deliberations and Unanimous Verdict**

Your duty is to reach a fair conclusion from the law and the evidence. It is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you

24

must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In *no* communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and render a true verdict.

**Verdict Forms**

Once you have reached your verdict, you will record your decisions on verdict sheets that I have prepared for you. You should proceed through the questions in the order in which they are listed. The foreperson should complete the verdict sheet, date it, and sign it. The foreperson should then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. The foreperson should keep the verdict sheet until I ask for it. You must all be in agreement with the verdict that is announced in court.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.

25

I'm now going to instruct Ms. Lubin to swear in the court security officer that will be present with you as you deliberate.