UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZHEN LEI,

           Plaintiff,

      v.                                                           1:21-cv-03471-OEM-SJB

A & C SEAFOOD INTERNATIONAL GROUP
CORP.; MARK CHEN a/k/a QIA CHEN; and
MEI CHEAH,

           Defendants.
------------------------------------------------------------x

## MEMORANDUM AND ORDER

ORELIA E. MERCHANT, United States District Judge:

Zhen Lei ("Plaintiff" or "Lei") filed suit on June 21, 2021, against defendants A & C Seafood International Group Corp. ("A&C"), Mark Chen ("Chen"), and Mei Cheah ("Cheah") (collectively, "Defendants") for claims under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"), and obtained a verdict in his favor on July 20, 2023, after a 4-day jury trial. Before the Court is Plaintiff's Post-Trial Motion for Liquidated Damages, Pre-Judgment interest, Post-Judgment interest, and Attorney's Fees and Costs. For the following reasons, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

After more than two years of litigation—including two attempts at mediation, multiple discovery motions, and two motions to withdraw filed by defense counsel—this Court held a jury trial in this action beginning on July 17, 2023, and continuing until July 20, 2023. On July 20, the jury returned a verdict finding that each of Defendants was Plaintiff's employer and finding in Plaintiff's favor on his claims for overtime pay (in the amount of $2,194.00), minimum wage

violations (in the amount of $1,927.50), and spread-of-hours compensation (in the amount of $60). Verdict Form, Court Exhibit #2, ECF 40. The jury additionally found that Plaintiff had not been furnished with a proper wage notification and statements, though it found no distinct injury in fact resulting from those violations. *Id*. The jury found that Defendants' violations were made without good faith and without reasonable grounds for believing their acts or omissions were not a violation of the Fair Labor Standards Act. *Id*.

On October 15, 2023, Plaintiff filed his Post-Trial Motion for Liquidated Damages, Pre-Judgment interest, Post-Judgment interest, and Attorney's Fees and Costs, ECF 44 (the "Motion" or "Mot."), seeking $4,121.50 in liquidated damages, $1,064.58 in pre-judgment interest, a yet to be determined amount of post-judgment interest, and $84,440.34 in attorney's fees and costs. That same day, October 15, 2023, Defendants' Response in Opposition to the Motion, ECF 45 ("Opp."), and Plaintiff's Reply, in further support of the Motion, ECF 46 ("Reply"), were also filed.

## DISCUSSION

### A. Liquidated Damages

Plaintiff requests liquidated damages equal in amount to his total actual damages for violations of the FLSA's and the NYLL's minimum wage and overtime provisions. Plaintiff's Memorandum in Support of Motion, ECF 44-1 ("Plaintiff's Memo"), at 2. Defendants do not oppose this request. *See generally Opp*.

Liquidated damages are appropriate here. "Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages" for Plaintiff's FLSA claims. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). "The NYLL was amended on April 9, 2011, to provide the same 100% in liquidated damages as the

2

FLSA." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 47 (E.D.N.Y. 2015). Plaintiff is therefore awarded liquidated damages in the amount of $4,121.50.

### B. Prejudgment Interest

Plaintiff contends that he is entitled to prejudgment interest for his claims pursuant to the NYLL. Defendants do not oppose this request. *See generally* Opp.

Plaintiff is entitled to prejudgment interest for his NYLL claims. *Fermin*, 93 F. Supp. 3d at 48 ("In contrast to the FLSA, the NYLL permits the award of both liquidated damages and pre-judgment interest. This dual availability occurs because New York State views liquidated damages as punitive, and not compensatory, such that pre-judgment interest is not a duplicative damages award.") (internal citations omitted). "Most courts in this district calculate simple prejudgment interest in NYLL actions from the midpoint date of the claims through the date judgment is entered." *Perez Campos v. Quentin Mkt. Corp.*, 2018 WL 9945754, at *8 (E.D.N.Y. Oct. 17, 2018).

As Plaintiff notes, the midpoint date of Plaintiff's claims is October 22, 2020. Plaintiff's Memo at 4 ("In the case at hand, Plaintiff employment started on September 28, 2020, and ended on November 16, 2020. Therefore, the midpoint date is October 22, 2020."). It has been 3.16 years since October 22, 2020. Plaintiff is entitled to prejudgment interest at a rate of 9% for this period, amounting to a total of $1,172.15 (the result of multiplying $4,121.50 by 3.16 by 0.09).

### C. Post-Judgment Interest

Plaintiff contends that he is entitled to post-judgment interest as a matter of right. Plaintiff's Memo at 4. Defendants do not oppose this request. *See generally* Opp.

Plaintiff is entitled to post-judgment interest on all sums awarded, including attorney's fees and costs, commencing when the Clerk of Court enters judgment until the date of payment. An

3

"award of post-judgment interest is mandatory." *Schipani v McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

### D. Attorney's Fees and Costs

Plaintiff contends that he is entitled to $84,440.34 in attorney's fees and costs. Plaintiff suggests that his attorney's fees should be calculated at the following rates: "$450 for Heng Wang (Founding Partner; Class of 2007), $375 for Jacob Tebele (Senior Associate; Class of 2011), $250 for Bingyang Zhang (Associate; Class of 2021), $200 for Xinyi Geng (Associate; Class of 2023), and $120 for paralegal/legal assistant." Plaintiff's Memo at 10.

Defendants do not dispute that Plaintiff is entitled to reasonable attorney's fees. However, the amount of those attorney's fees is hotly contested by the parties. Specifically, Defendants contest Plaintiff's fees calculation, arguing that broad cuts should be made to Plaintiff's awarded fees.

The Court must award reasonable attorney's fee to a prevailing party in an FLSA action, *see Khalil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 473 (S.D.N.Y. 2009), and has broad latitude in calculating the amount of a reasonable fee, *see Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 94 (E.D.N.Y. 2012) ("District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award.") (internal quotation marks and citations omitted). The Second Circuit has instructed district courts determining a "presumptively reasonable fee" for awarding attorney's fees that:

> the better course—and the one most consistent with attorney's fees jurisprudence—
> is for the district court, in exercising its considerable discretion, to bear in mind all

4

> of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).

### a. Reasonable Rate

In considering a reasonable rate, this Court has considered a variety of factors, including: (1) that this case took almost two years of litigation and involved a variety of time-consuming endeavors; (2) that there were significant factual disputes between the parties; (3) that Plaintiff's counsel likely had to forego other opportunities to devote time to this case; (4) that this case was taken on a contingency fee basis; and (5) that this case was an undesirable one due to Plaintiff's short employment period and the wide range of facts in contest.

The Court has also considered the range of rates typically awarded in similar cases. *See Noboa v. Quality Homes USA, Inc.*, No. 21-CV-7134, 2023 WL 35030, at *2 (E.D.N.Y. Jan. 4, 2023) (recognizing typical rates of "$200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates . . . ."); *Perrone v. Amato*, No. 09-CV-316, 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022) (recognizing typical rates "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience."); *Hugee v. Kimso Apts., LLC*, 852, F. Supp.2d 281, 298 (E.D.N.Y. 2012) (same).

Plaintiff proposes a rate of $450/hour for Heng Wang, who is described as having handled "numerous wage and hour cases, including litigation matters in both federal courts and state courts" since graduating in 2007. Plaintiff's Memo at 8. Plaintiff seeks a rate of $375/hour for Jacob Tebele, who is described as having "been involved in numerous large FLSA litigation matters, including both individual plaintiff cases and class action" since graduating in 2021. *Id*. at 10. Having considered all factors, this Court agrees with its sister courts that Heng Wang's $450/hour rate and Jacob Tebele's $375/hour rate are reasonable under the circumstances given their considerable experience with FLSA litigation. *See Wu, et al. v. The Dolar Shop Restaurant Group LLC, et al.*, No. 19-CV-21774 at *15-16 (D.N.J. Nov. 17, 2020) (finding proposed fees of $450 for Heng Wang and $375 for Jacob Tebele "reasonable when compared to the rates charged in FLSA cases with similar circumstances."); *Deng et al. v. The Dolar Shop Restaurant Group LLC, et al.*, No. 19-CV-21775 at *18 (D.N.J. Nov. 17, 2020) (same); (*Middleton v. The Pickle Guys, Inc., et al.*, No. 19-CV-9830 at *1 (S.D.N.Y. 2020) (finding as reasonable a settlement agreement containing the same rates for Plaintiff's counsel); *Payne v. Community Health Aid Services, Inc.*, Case No. 20-CV-1276 at *1 (S.D.N.Y. Jan. 19, 2021) (same).

Plaintiff provides no information regarding the experience, expertise, or admission status of Bingyang Zhang and Xinyi Geng, aside from informing the Court that Zhang graduated in 2021 and that Geng graduated in 2023. With nothing but their graduation dates to rely on, this Court finds Plaintiff's proposed rates excessive and finds that rates of $200/hour for Zhang and $100/hour for Geng are reasonable. *See De La Cruz v. Trejo Liquors, Inc.*, No. 16-CV-4382, 2019 WL 9573763, at *18 (S.D.N.Y. Sept. 10, 2019), *report and recommendation adopted*, No. 16-CV-4382, 2020 WL 4432298 (S.D.N.Y. July 30, 2020) ("As for more junior associates working on FLSA and NYLL cases, the rates that have been approved by this Court have typically been lower

6

– in the range of $125 to $200 per hour."); *Cortes v. Juquila Mexican Cuisine Corp.* No. 17-CV-3942 (E.D.N.Y. Mar. 29, 2021) (finding rate of $100/hour for a "law clerk" reasonable).

b. *Reasonable Number of Hours*

"To enable a court to determine the reasonableness of the hours expended, a party seeking an award of attorneys' fees must submit contemporaneous time records indicating the number of hours expended and the nature of the work done." *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986). "The district court should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–35, 440 (1983)). The question facing this Court's "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (cleaned up). "[T]he district court is not obligated to undertake a line-by-line review" of a fee application, and "may, instead, 'exercise its discretion and use a percentage deduction as a practical means of trimming fat.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014).

Defendants suggest that "across the board cuts to hours requested should be made based upon limited success and chasing of legal fees." Opp. at 7. First, Plaintiff correctly notes that while the damages award found by the jury fell short of Plaintiff's maximum damages of $19,729.23, the bulk of this reduction came from Plaintiff's inability to prove a concrete harm arising from his wage notice and wage statement causes of action—a legal requirement that was still subject to some uncertainty at the time Plaintiff filed his complaint. *See, e.g.*, *Chen v. Lilis 200 W. 57th Corp.*, No. 19-CV-7654 (VEC), 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023) (holding, in 2023, that "[v]ague allegations that Defendants' violations facilitated their other

7

unlawful conduct do not give rise to a cognizable downstream consequence"). Plaintiff's decision to pursue these claims, which presumably added little to Plaintiff's overall time burden, should not be a basis for reducing Plaintiff's fee award. *See, e.g.*, *Bond v. WelPak Corp.*, No. 15-CV-2403 (E.D.N.Y. Sep. 26, 2017) ("Plaintiffs' wage notice and frequency of pay claims, however, are not readily severable from their overtime claims because each involved a common core of facts. Moreover, the contentious areas of this litigation centered not on plaintiffs' frequency of pay and wage notice claims, but rather on plaintiffs' overtime claims and, in particular, the applicability of the FLSA's motor carrier exemption. I therefore decline to reduce Wims' hours based on time spent working on unsuccessful claims.").

Nor should the low total amount of damages secured by Plaintiff lead to a fee reduction. *See Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 211 (E.D.N.Y. 2007) ("[I]t would be an error for a district court to reduce attorneys' fees on the basis of a low damages award […] in FLSA cases, because, like § 1988, '[t]he purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage-and-hour grievances.'") (cleaned up).

Defendants also contend that Plaintiff's fee award should be reduced due to excessive billing practices. As Defendants note, many of Plaintiff's counsel's time entries show low-level work being performed by senior attorneys rather than junior attorneys or support staff. *See, e.g.*, Declaration of Heng Wang, Exhibit 4, ECF 44-6 ("Time Sheet"), at * 2 (senior associate spending .6 hours preparing and filing a summons); *see also Dajbabic v. Rick's Cafe*, 995 F. Supp. 2d 210, 214 (E.D.N.Y. 2014) ("I do not find it to be reasonable that the partner spent .6 hours preparing the summons and filing the summons and complaint."); *Short v. Manhattan Apartments,*

8

*Inc.*, 286 F.R.D. 248, 255 (S.D.N.Y. 2012) ("A court may reduce requested fees if the attorneys' . . . requests reflect work that could or should have been completed by a paralegal or secretary.").

The Court also notes that the Time Sheet includes numerous entries—particularly from "HW" and "JT"—listed as taking 0.1 hours, including "R&R Email from OC re filing of Answer" (Time Sheet at 3), "Note ECF filing of Order" (*Id*. at 4), and on the same day both "Email correspondence to opposing counsel re: settlement offer" and "Receive and review email response from opposing counsel" (*Id*. at 10).  Separating out multiple entries of 0.1 hours that likely each took less than 6 minutes is a basis for an across-the-board reduction of fees.  *See, e.g.*, *Fundora v. 87-10 51st Ave. Owners Corp.*, No. 13-CV-0738, 2015 WL 729736, at *1 (E.D.N.Y. Feb. 19, 2015) (reducing attorney fees by 10% when attorney billed "separate 0.1 hour entries each time he reviews or replies to an email or leaves a voicemail, though these tasks typically take little more than a minute."); *Andert v. Allied Interstate, LLC*, No. 12-CV-7010, 2013 WL 3833077, at *3 (S.D.N.Y. July 17, 2013) (Noting that "merely reviewing receipt of seven ECF confirmation emails, billing 0.1 hours for each ECF email received" required "trivial effort at best").

In light of Plaintiff's repeated reliance on senior attorneys for administrative tasks, and repeated use of 0.1 hour entries requiring trivial effort at best, and upon consideration of all other factors described *supra*, the Court finds that a 20% across-the-board reduction of Heng Wang's and Jacob Tebele's hours is appropriate.

### c. *Total Reasonable Fee*

As reflected on the Time Sheet, Plaintiff's counsel each expended the following hours in this action: 137.60 hours for Heng Wang, 13.2 hours for Jacob Tebele, 48.5 hours for Bingyang Zhang, and 7.1 hours for Xinyi Geng.  *See generally* Time Sheet.  Accordingly, Plaintiff's reasonable attorneys fees are calculated as follows:

| Attorney | Hours | Rate | Reduction | Total |
|---|---|---|---|---|
| Heng Wang | 137.60 | $450/hour | x 0.8 | $49,536 |
| Jacob Tebele | 13.2 | $375/hour | x 0.8 | $3,960 |
| Bingyang Zhang | 48.5 | $200/hour | N/A | $9,700 |
| Xinyi Geng | 7.1 | $100/hour | N/A | $710 |
| | | | Combined: | $63,906 |

*d. Costs*

Defendants also note that several of Plaintiff's costs are inadequately documented, given that Plaintiff did not attach receipts for $60 in FedEx bills and $200 in copies. Opp. at 24. The Court agrees. *See, e.g.*, *Volpe v. Nassau Cty.*, No. 12-CV-2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016) ("The fee applicant bears the burden of adequately documenting and itemizing the costs requested."). Plaintiff may only recover those costs for which he provides documentation, of which there is a total of $3,712.84. *See* Time Sheet; *see also* Declaration of Heng Wang, Ex. 5, ECF 44-7.

## CONCLUSION

For the reasons set forth above, Plaintiff is entitled to liquidated damages in the amount of $4,121.50, prejudgment interest in the amount of $1,172.15, post-judgment interest, and attorney's fees and costs in the amount of $67,618.84.

The Clerk is respectfully directed to enter a judgment in accordance with this order.

**SO ORDERED.**

                                                          /s/
                                      **ORELIA E. MERCHANT**
                                      **United States District Judge**

Dated: Brooklyn, New York
       December 21, 2023.